### ZINSMEISTER v. FAUTH.

(Supreme Court, Appellate Term, First Department.   December 6, 1912.)

TROVER AND CONVERSION (§ 1*)—MISAPPROPRIATION BY AGENT—ELECTION OF PRINCIPAL.

Where defendant, placed in charge of plaintiff's saloon, included in his account an item of $40 as money disbursed for beer, while the seller thereof allowed defendant a discount of $14, so that his actual payment was only $26, and the $40 item was not put into the account by oversight, plaintiff could elect to sue for the conversion of the money, instead of suing for money had and received.

· [Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 1, 2;  Dec. Dig. § 1.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Theodore Zinsmeister against Christian Fauth. From a judgment for defendant, plaintiff appeals. Reversed, and directed for plaintiff.

Argued November term, 1912, before LEHMAN, PAGE, and HOTCHKISS, JJ.

Henry Silverman, of New York City, for appellant.
Edward Miehling, of New York City, for respondent.

PER CURIAM. Action for conversion of (1) several lots of wine and liquor; and (2) of the sum of $40. The disposition of the first item by the trial judge was clearly such as the facts demanded. As to the second item, we think the judgment was wrong. Defendant · had been placed in charge of plaintiff's saloon during plaintiff's ab-

sence. On his return, defendant rendered an account of his trusteeship, in which he included the item of $40 in question, as moneys disbursed for certain barrels of beer. Concededly, the vendors of the beer allowed defendant a discount of $14 on the bill, so that his actual payment was only $26. It was not contended that the $40 was put into his account by oversight. His claim that it was a "secret," and the reluctant manner in which the admission that he was allowed the discount was wrung from him, when cross-examined on the trial, precludes any such theory. Under such circumstances, plaintiff could elect to sue for conversion, and was not bound to bring an action for money had and received, as respondent contends.

The judgment should be reversed, with costs, and judgment directed for plaintiff for $14, with appropriate costs in the Municipal Court.